# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:22-CV-00542-KDB

| | |
|---|---|
| **NIEVE ROJAS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Nieve Rojas' Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment (Doc. No. 13). Ms. Rojas, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I.  BACKGROUND

On April 22, 2020, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging that she had been disabled since April 1, 2017. (Tr. 25). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 25). After conducting a hearing, Administrative Law Judge Nancy McCoy (the "ALJ") denied Plaintiff's

application in a decision dated December 21, 2021. (Tr. 37). The Appeals Council denied

Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the

Commissioner. (Tr. 5). Plaintiff timely seeks judicial review of that decision under 42 U.S.C §

405(g).

## II.  THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by

the Social Security Administration ("SSA") to determine whether Ms. Rojas was disabled under

the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged

in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971,

et seq) and at step two that she had the following severe impairments: major depressive disorder,

generalized anxiety disorder, post-traumatic stress disorder (PTSD), and arthralgia/arthritis (20

CFR 404.1520(c) and 416.920(c)). (Tr. 27). At step three, the ALJ found that none of Plaintiff's

impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of

Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 29).

Before proceeding to step four, the ALJ determined that Ms. Rojas had the following

residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except
> she can tolerate frequent exposure to concentrated fumes, odors, dusts, gases, and
> poor ventilation. She is able to follow instructions for tasks that can be learned in

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the
claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe
impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a
listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented
the claimant from performing past relevant work; and (5) if so, whether the impairment (or
combination of impairments) prevented the claimant from performing any other jobs available in
significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
The claimant has the burden of production and proof in the first four steps, but at step five the
Commissioner must prove the claimant can perform other work in the national economy despite
his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

thirty days and is able to sustain concentration, persistence, or pace to stay on task for two-hour periods during an eight-hour workday in order to complete simple, routine, repetitive tasks. She can tolerate frequent interactions with supervisors and occasional interactions with coworkers, but no direct customer service. She can adapt to occasional changes in work routine and tasks.

(Tr. 31). At step four, the ALJ found that Plaintiff could not perform her past relevant work as a hair stylist (DOT 332.271-018), light with an SVP of 6 as required by SSR 82-62. (Tr. 35).

At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC. (Tr. 35). These jobs include counter supply worker, sweeper/cleaner, and a polisher (Tr. 36).

Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from April 1, 2017, through the date of her decision. (Tr. 36).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, —— U.S. ——, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual

determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean." ' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

## IV. DISCUSSION

Plaintiff raises two challenges to the ALJ's conclusion that she is not disabled. First, Plaintiff contends that the ALJ erred in her assessment of the medical opinion of Dr. John Warnken, consultative psychological examiner. Second, Plaintiff argues the ALJ failed to properly account for her moderate limitations in concentrating, persisting, or maintaining pace in the RFC.

As to the first argument, the Court finds that that the ALJ properly evaluated Dr. Warnken's medical opinion. When considering medical opinions and prior administrative medical findings, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (2017). Instead, the ALJ will consider the persuasiveness of the medical opinion(s) and prior administrative medical finding(s) on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a) (2017). It logically follows from these five factors that if a "physician's opinion is not supported by clinical evidence or if it is

inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). Additionally, the ALJ may accord less weight to a medical opinion that is based entirely on Plaintiff's own subjective reports. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *Mastro*, 270 F.3d at 178.

Here, in assessing the persuasiveness of Dr. Warnken's medical opinion, the ALJ determined the medical opinion was based primarily on the claimant's subjective statements rather than objective testing. (Tr. 34). Further, the ALJ found that the portions of the medical opinion that are largely based on Roja's subjective statements are inconsistent with other mental examinations in the record. (Tr. 34). This finding (for which the Court is not free to substitute its own judgment) supports an attribution of less weight. As for the more objective portions of Dr. Warnken's opinion, including the Wechsler Memory Scale, the ALJ developed the record without discounting the objective findings. (Tr. 33-34). Accordingly, the Court finds that the ALJ properly supported her decision to discount the subjective portions of Dr. Warnken's opinion and finds nothing in the record to suggest that the ALJ did not utilize the developed objective portions of the opinion in making the RFC determination.

Turning to Plaintiff's second argument, the Court finds that the ALJ properly accounted for the moderate limitations in concentrating, persisting, or maintaining pace in the RFC. The Fourth Circuit has held that "remand is appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). Additionally, "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine

tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). However, there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC" and an ALJ may explain why a moderate limitation in this area does not show up as a limitation in the RFC. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).

Here, the ALJ discussed the Plaintiff's treatment notes involving her mental impairments. (Tr. 33-34) The few treatment notes provided tended to show a termination of recent treatment, a declined neurological evaluation, a denial of memory issues by the Plaintiff, and a positive trend of improvement in her depression. (Tr. 33-34). It is based on these improvements and general benign findings that the ALJ determined that additional limitations to the RFC on the basis of Plaintiff's mental impairments were not necessary. (Tr. 34). The Court therefore finds that the ALJ properly developed the record with respect to Plaintiff's mental impairments and their impact on limitations in the RFC.

In sum, the Court concludes that the ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## V.  ORDER

**NOW THEREFORE IT IS ORDERED** Plaintiff's Motion for Summary Judgment (Doc.

No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**;

and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: June 13, 2023

Kenneth D. Bell
United States District Judge